16917

GERTRUDE LEONARD FOSTER, MARY FOSTER TURNER and JACK D. FOSTER v. ALTON L. FOSTER, FRANCIS MARION FOSTER and ALTON L. FOSTER, JR., ET AL.

(83 S. E. (2d) 752)

*Jesse W. Boyd, Esq.,* of Spartanburg, *for Appellants,*

*Messrs. Lyles & Lyles,* of Spartanburg, *for Respondents,*

October 6, 1954.

PER CURIAM.

Respondents, plaintiffs below, brought this action for a declaratory judgment with respect to the rights and estates of the parties to this action under the will of John A. Foster. Appellants demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The court below, in its order now under appeal, overruled the demurrer, holding that a cause of action had been stated, but declining to adjudicate the merits of the controversy. We agree.

An action of this kind is specifically authorized under Section 10-2003 of the 1952 Code, which provides that "any person interested under a deed, will * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder."

The complaint here states facts from which it is apparent that a justiciable controversy, actual or potential, between respondents on the one hand and appellants on the other, exists as to their respective rights and estates under item four of the will. The existence of such controversy is confirmed by the demurrer, which challenges the construction of this item contended for by the respondents. The question now is not whether the construction advanced by the respondents is correct, but whether they are entitled to have the will construed. Clearly they are. In *Cabell v. City of Cottage Grove,* 170 Or. 256, 130 P. (2d) 1013, 1015, 144 A. L. R. 286, the Court said:

"The test of sufficiency of such a complaint is not whether it shows that the plaintiff is entitled to a declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all. Even though the plaintiff is on the wrong side of the controversy, if he states the existence of a controversy which should be settled by the court under the Declaratory Judgment Law, he has stated a cause of suit."

Substantially the same view was expressed in *Hill v. Wright,* 128 Conn. 12, 20 A. (2d) 388, 390, as follows:

"The object of an action for a declaratory judgment is to secure an adjudication of rights which are uncertain or in dispute, and the complaint need only allege that there is such uncertainty or dispute and the facts necessary for the determining of the question. If rights are so clear that there is no uncertainty or dispute as to them, a demurrer upon that ground would lie. But where the complaint in such an action does not seek affirmative relief, a demurrer cannot properly be addressed to it on the ground that the facts alleged would not legally support a judgment sustaining the claim of the plaintiff, because he does not claim direct relief, but only a declaration of his rights. Such a declaration can be made only in the final judgment rendered in the action."

Also, see 16 Am. Jur., Declaratory Judgments, Section 12.

The order appealed from is affirmed and the case remanded for the purpose of construing the will and declaring the rights of the parties under the item in controversy.