### 17016

**DR. M. S. DANTZLER *ET AL.,* Appellants, v. T. C. CALLISON, Attorney General of S. C., Respondent**

(88 S. E. (2d) 65)

318

*Messrs. Sam R. Watt* and *T. E. Walsh,* of Spartanburg,
*for Appellant*

Messrs. *T. C. Callison, Attorney General,* and *James S. Verner, Assistant Attorney General,* of Columbia, and *M. L. Meadors,* of Florence, *for Respondent.*

June 13, 1955.

J. WOODROW LEWIS, Acting Associate Justice.

This is an action instituted by the plaintiffs-appellants, Naturopathic Physicians, individually, as officers of the South Carolina Naturopathic Physicians Association, and in behalf of all other Naturopathic Physicians licensed in the State of South Carolina, against the Attorney General of South Carolina, seeking a Declaratory Judgment construing and interpreting the statutes of this State relating to Naturopathic Physicians so as to confer upon them the right to

prescribe and administer drugs of a botanical origin including opium and its derivatives.

The complaint alleges that Chapter 16 of the Code of Laws, 1952, § 56-901 *et seq.*, sets forth the rights of Naturopathic Physicians practicing in this State; that pursuant to said statutes they have the right to prescribe and administer drugs of a botanical origin including opium and its derivatives, as well as to administer and prescribe aminopyrine, any barbiturates, and penicillin; and that they do now prescribe and administer vitamins, minerals, barbiturates and penicillin in the practice of their profession. The complaint further alleges that it is essential in the practice of their profession, as permitted by the laws of this State, to administer and prescribe such drugs; and that the training required of Naturopaths, both as prescribed by the laws of this State and by their profession, fully qualify Naturopaths to understand the beneficial use and the harmful effects of drugs of a botanical origin. It is further alleged that the respondent, Attorney General of South Carolina, has rendered an opinion holding that a duly licensed Naturopathic Physician cannot prescribe and administer opium and its derivatives in the course of their professional practice, and that as a result of said opinion Naturopaths are denied the right to fully practice all aspects of their profession as permitted by the laws of this State. The complaint seeks an interpretation and construction of the laws of this State so as to confer upon Naturopaths the right to prescribe and administer all drugs of a botanical origin, including opium and all of its derivatives.

The defendant interposed a demurrer to the complaint on the ground that the complaint failed to state facts sufficient to constitute a cause of action entitling the plaintiffs to the relief demanded by them, namely, that they are entitled to administer and prescribe drugs of a botanical origin including opium and its derivatives in their practice as Naturopaths, on the ground that the applicable statutes of this State prohibit the plaintiffs from administering and prescribing

such drugs. The Circuit Court sustained the demurrer and dismissed the complaint, holding "that Naturopaths are not allowed to use narcotics, barbiturates and the other drugs contended for by them in the complaint." From such order this appeal is prosecuted.

The first, and under our view the only, issue to be determined is whether the Circuit Court erred in determining the merits of the controversy on demurrer. The question is stated in the briefs of appellants and respondent as follows: "Do the facts stated in the complaint sufficiently state a cause of action entitling the plaintiffs to any relief whatsoever under the Declaratory Judgment Act?" The order of the Circuit Court, in effect, held that the complaint failed to state facts sufficient to constitute a cause of action under the Declaratory Judgments Act, Sections 10-2001 *et seq.*, 1952 Code of Laws, and determined the merits of the matter.

We are of the opinion that the Circuit Court was in error in sustaining the demurrer and ordering the complaint dismissed. It is well settled that where the complaint seeking a Declaratory Judgment sets forth a justiciable controversy it is not subject to demurrer on the ground that it fails to state a cause of action. " 'Where a concrete issue is present, and there is a definite assertion of legal rights and a positive legal duty with respect thereto, which are denied by the adverse party, there is a justiciable controversy calling for the invocation of declaratory judgment action.' " *South Carolina Electric & Gas Co. v. South Carolina Public Service Authority,* 215 S. C. 193, 54 S. E. (2d) 777, 787. *Southern Ry. Co. v. Order of Ry. Conductors of America,* 210 S. C. 121, 41 S. E. (2d) 774.

In passing on a demurrer in such cases, the court is not concerned with whether the plaintiff is right in the controversy, but is only concerned with whether he is entitled to a declaration of rights with respect to the matters alleged. " 'The test of sufficiency of such a complaint is not whether it shows that the plaintiff is entitled to

a declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all. Even though the plaintiff is on the wrong side of a controversy, if he states the existence of a controversy which should be settled by the court under the Declaratory Judgment Law, he has stated a cause of suit.' " *Foster v. Foster*, S. C., 83 S. E. (2d) 752, 753.

The use and determination of the demurrer in actions arising under the Declaratory Judgments Act is controlled by the same principles as apply in other cases. Applying these well settled principles to the disposition of this matter, we think that the complaint states a justiciable controversy which can only be properly and fully determined on a hearing on the merits. We indicate no opinion as to the merits of the case. Also, it is unnecessary to decide whether it will be necessary, as indicated by the appellants, on the hearing on the merits to take testimony on any of the issues raised by the pleadings, or the scope of the inquiry to be made. Those are matters which can only be determined after the respondent has filed his answer to the complaint.

Judgment is reversed, with leave to the respondent to file answer to the complaint within twenty days from the filing of remittitur herein.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.