18112

Laura Jeanette HARDWICK, Respondent, v. LIBERTY MUTUAL INSURANCE COMPANY, Appellant

(133 S. E. (2d) 71)

*Messrs. Whaley & McCutchen* and *Hoover C. Blanton,* of Columbia, *for Appellant,*

164

*Messrs. Marchant & Bristow,* of Columbia, *for Respond-*
*ent,*

October 29, 1963.

BUSSEY, Justice.

In this action for relief by way of declaratory judgment, the defendant appeals from an order of the circuit court overruling a demurrer to the complaint.

The complaint is lengthy and we deem it unnecessary to set forth the same in full. Summarized, the essential facts alleged in the complaint are as follows. One Janice Gayle Henry, an employee of Capital U-Drive-It, a corporation which rents automobiles for use by various persons, obtained one of the cars belonging to Capital U-Drive-It and offered to drive the plaintiff on a trip, during which trip and while the plaintiff was driving the said automobile at the request of the said Henry, the automobile was involved in a collision with another car. It is alleged upon information and belief that the automobile operated by the plaintiff at the time of

the collision was covered by an automobile liability insurance policy issued by the defendant herein, the exact terms and number of the policy being unknown to the plaintiff; the plaintiff gave prompt notice to the defendant of the collision and circumstances thereof and was informed by the defendant through its agent and adjuster that she was protected by a liability insurance policy issued by the defendant and for her not to worry, that she was covered and the defendant would take care of everything.

Relying upon the assurance of the defendant's agent, plaintiff did not report the collision to Surety Indemnity Company, with which company plaintiff had an automobile liability insurance policy. Thereafter, plaintiff was served with a summons and complaint in a suit by the aforesaid Janice Gayle Henry, against plaintiff, which summons and complaint plaintiff promptly delivered to the adjuster for the defendant. Just three days prior to the expiration of time for answering said complaint, the defendant, through its agent, returned the summons and complaint to the plaintiff and advised that it declined to defend and indemnify her in connection with any claims arising out of the accident.

Thereafter, Surety Indemnity Company undertook the defense of the action by Janice Gayle Henry only under a non-waiver agreement, wherein Surety would not waive its right to deny liability and withdraw from the case for failure of the plaintiff to promptly report the accident and to promptly forward the pleadings to Surety. It is alleged, on information and belief, that the defendant, under the terms of its policy issued to Capital U-Drive-It, the exact wording of which is unknown to the plaintiff, is liable to the plaintiff, as the driver of the car involved, to defend and indemnify her in connection with all claims arising out of the accident. The relief sought is a declaratory judgment to the effect that the defendant is liable to the plaintiff under said policy to so defend and indemnify her.

The defendant demurred to the complaint on some eighteen separately stated grounds and is before this court on twenty-

one exceptions. Many of these exceptions, in our view, deal with issues the decision of which is unnecessary to a decision of this appeal. As we view the record and the exceptions, there are only two questions properly before us which we need to decide, they being stated by the plaintiff-respondent as follows:

1. Does the complaint state facts sufficient to constitute a cause of action for declaratory judgment?

2. Is there a defect of parties?

With respect to the first question, while a complaint is not impregnable against demurrer merely because it seeks declaratory relief, it has been held on numerous occasions that such a complaint is sufficient against demurrer if it sets forth "a justiciable controversy." *Foster v. Foster*, 226 S. C. 130, 83 S. E. (2d) 752; *Plenge v. Russell*, 236 S. C. 473, 115 S. E. (2d) 177; *Dantzler v. Callison*, 227 S. C. 317, 88 S. E. (2d) 64. In the last cited case the court said:

"It is well settled that where the complaint seeking a Declaratory Judgment sets forth a justiciable controversy it is not subject to demurrer on the ground that it fails to state a cause of action."

In *Foster v. Foster, supra,* this court quoted with approval from the case of *Cabell v. City of Cottage Grove*, 170 Or. 256, 130 P. (2d) 1013, 144 A. L. R. 286, as follows:

"The test of sufficiency of such a complaint is not whether it shows that the plaintiff is entitled to a declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all. Even though the plaintiff is on the wrong side of the controversy, if he states the existence of a controversy which should be settled by the court under the Declaratory Judgment Law, he has stated a cause of suit."

None of the defendant's twenty-one exceptions contend that the complaint does not allege the existence of a justiciable controversy between the plaintiff and the defendant. The defendant rather contends that plaintiff should

be required to plead the terms of the policy, which she admittedly has never seen, and, in addition thereto, facts which would clearly bring her within the terms of the coverage provided by said policy. The defendant's position ignores the primary purpose of pleading which is to put an adverse party on notice of what he may be expected to meet at the trial. This court has held many times that when the facts are peculiarly within the knowledge of the defendant, the plaintiff is not required to plead with the certainty that might otherwise be required. Here, the exact terms of the policy are, of course, peculiarly within the knowledge of the defendant. See *Beard v. Paul Motor Co.*, 166 S. C. 289, 164 S. E. 837; *Spurlin v. Colprovia Products Co.*, 185 S. C. 449, 194 S. E. 332; *Lentz v. Carolina Scenic Coach Lines*, 208 S. C. 278, 38 S. E. (2d) 11.

The complaint alleges the existence of a policy which plaintiff has not seen and that under the provisions of said policy the defendant is obligated to defend and indemnify her in connection with all claims arising out of the accident; that the source of her information thereabout is statements made by an agent or agents of the defendant, and that defendant has refused to discharge its obligation to her in this respect. Suffice it to say we think the complaint here sufficiently set forth a justiciable controversy and that the trial judge was quite correct in overruling the demurrer as against the contention that the complaint failed to state a cause for relief under the Declaratory Judgments Act.

As to the second question, the defendant contends that there was a defect of parties in that Surety Indemnity Company and all parties having any claims against the plaintiff arising out of the accident should have been joined, and that the failure to so join them constituted a defect of parties rendering the complaint demurrable on that ground. This contention on the part of the defendant is premised primarily on Section 10-2008 of the 1962 Code, which contains, *inter alia,* the following language:

"When declaratory relief is sought all persons shall be made parties who have or claim any interest which would

be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The defendant also relies on Section 10-2007, which reads as follows:

"The court may refuse to render or enter a declaratory judgment or decree when such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

In considering whether or not there is a defect of parties in this action, thus rendering the complaint demurrable, the distinction between necessary and proper parties must be kept in mind. It is well settled in this State that the omission of a party, who might be a proper party to the action, does not render the complaint demurrable under Section 10-642, 1962 Code, unless that party was a necessary or indispensable one. *Kirton v. Howard,* 137 S. C. 11, 134 S. E. 859; *Huggins v. Gaffney Development Company,* 229 S. C. 340, 92 S. E. (2d) 883.

No sound reason appears to us why, in considering a demurrer, the distinction between necessary and proper parties made in other cases should not apply in actions under the Uniform Declaratory Judgments Act. The weight of authority from other jurisdictions is to the effect that such distinction should be and is recognized in such actions. See Annotation, 71 A. L. R. (2d) 723, 727.

In the case of *Doctor v. Robert Lee, Inc.,* 215 S. C. 332, 55 S. E. (2d) 68, this court said:

"However, it is well established that parties are not necessary to a complete determination of a controversy unless they have rights which must be ascertained and settled before rights of parties to the suit can be determined."

Here, the justiciable controversy is whether or not the defendant is liable to plaintiff to defend and/or indemnify her against all claims arising out of the collision, under the contract of insurance alleged to exist. We, of course, do not know what evidence may be developed

upon the trial, but, on the record before us, there is nothing to indicate any necessity to first ascertain and settle the rights of various claimants, or the rights of Surety Indemnity Company, before the rights of the parties to this action can be determined.

Whether or not the trial court enters a declaratory judgment or refuses to do so on the ground that such would not terminate the uncertainty or controversy, pursuant to Section 10-2007, is, of course, a question that would have to be determined upon the evidence and we intimate no opinion thereabout.

We do not here or now decide whether Surety Indemnity Company and/or various claimants should have been or should be joined as parties pursuant to the provisions of Section 10-2008, as that issue is not before us. We simply hold that the failure to so join any of them did not render the complaint subject to demurrer.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.