20469

Horace Eugene DISMUKES, Appellant, v. Eugene Peter CARLETTA, and The South Carolina National Bank of Charleston, as Trustee, Respondents.

(236 S. E. (2d) 421)

*Walter Bilbo, Jr.,* and *George E. Campsen, Jr.,* of Charleston, *for Appellant,*

*Robert M. Hollings,* and *Guerard* and *Applegate,* of Charleston, *for Respondents,*

July 14, 1977.

NESS, Justice.

This is a declaratory judgment action, the sole issue being whether an adopted child may inherit under a will.

Appellant's mother (and respondent's natural grandmother), by will dated July 18, 1962, left one-half of her residuary estate, in trust for her grandson, Horace Eugene Dismukes, Jr. In 1969, the child was adopted by his mother's second husband, and his name was thereby changed to Eugene Peter Carletta. When the natural grandmother died in 1973, her executors distributed one-half of her residuary estate to the South Carolina National Bank, as Trustee for Horace Eugene Dismukes, Jr., then known as Eugene Peter Carletta.

Appellant contends that the 1969 adoption of Horace Eugene Dismukes, Jr., rendered inoperative the provisions made for the grandson in the testatrix's will, asserting that the one-half of the residuary estate devised to the grandson should pass to appellant by intestacy.

Respondents demurred on the ground that appellant's complaint did not state a cause of action, in that it appeared on the face of the complaint that respondent Eugene Peter Carletta and Horace Eugene Dismukes, Jr., were one and the same person. The demurrer was granted. We affirm.

A complaint is not insulated from demurrer simply because it seeks a declaratory judgment. *Hardwick v. Liberty Mutual Insurance Co.*, 243 S. C. 162, 133 S. E. (2d) 71 (1963). The test of sufficiency is not whether the complaint shows that the plaintiff is entitled to a declaration of rights according to his theory, but whether he is entitled to a declaration of rights at all. *Hardwick v. Liberty, supra; Greneker v. Sprouse*, 263 S. C. 571, 211 S. E. (2d) 879 (1975).

Appellant correctly asserts that important questions of novel impression should not be decided on demurrer. *Vaden v. College Heights Subdivison,* 261 S. C. 509, 201 S. E. (2d) 113 (1973). However, in view of the fact that the complaint revealed that Horace Eugene Dismukes, Jr.and Eugene Peter Carletta are one and the same person, no question is presented for determination.

An adopted child may inherit from his natural relatives unless he is denied such right by statute. 2 Am. Jur. (2d), Adoption, § 104; 2 C. J. S. Adoption of Persons § 150. In this State, § 10-2587.13, S. C. Code Ann. (Cum. Supp. 1975) denies an adopted child the right to inherit from his natural parents by intestacy. See *Cox v. Cox,* 262 S. C. 8, 202 S. E. (2d) 6 (1974). However, that statute is not controlling where the inheritance is by will.

It is axiomatic that a person of sound mind can dispose of property by will to any person he or she desires. *Smith v. Whetstone,* 209 S. C. 78, 39 S. E. (2d) 127 (1946). In her will, Hazel Belle Dismukes left one-half of her residuary estate to her grandson, Horace Eugene Dismukes, Jr., who concededly is now Eugene Peter Carletta. The legatee named in the will is alive and able to take. Since no question was put into issue by appellant's complaint the granting of the demurrer was proper.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.