NORTH CAROLINA EX REL. CHARLES E. HORNE, INDIVIDUALLY, AND UPON
BEHALF OF ALL OTHERS SIMILARLY SITUATED, FOR THE BENEFIT OF THE CITY OF
CHARLOTTE AND THE COUNTY OF MECKLENBURG, NORTH CAROLINA v. BETTY
CHAFIN, HARVEY GANTT, MILTON SHORT, PAT LOCKE, DON CAR-
ROLL, CHARLES DANELLY, RON LEEPER, DR. LAURA FRECH,
MINETTE TROSCH, GEORGE SELDEN, THOMAS COX, JR., INDIVIDUALLY,
AND AS MEMBERS OF THE CHARLOTTE CITY COUNCIL, KENNETH R. HARRIS, IN-
DIVIDUALLY, AND AS MAYOR OF THE CITY OF CHARLOTTE, EDWIN H. PEACOCK,
ANN THOMAS, ELISABETH HAIR, W. THOMAS RAY, INDIVIDUALLY, AND
AS MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
MECKLENBURG, THE CHARLOTTE CHAMBER OF COMMERCE, A CORPORA-
TION

No. 8226SC463

(Filed 3 May 1983)

**1. Taxation § 7.2— municipal reception for legislators—public purpose**

Several municipal and county boards and entities did not violate Article
V, §§ 2(1) and 2(5) of the North Carolina Constitution by using public funds to
pay for a reception honoring the North Carolina General Assembly and the
State Senate President Pro Tem.

**2. Constitutional Law § 18; Taxation § 7— legislative reception to promote
legislation—no denial of First Amendment rights**

Plaintiff's First Amendment right against being compelled to speak was
not violated by municipal and county organizations having a legislative recep-
tion to promote legislation.

APPEAL by plaintiff from *Griffin, Judge.* Judgment entered 5
January 1982 in Superior Court, MECKLENBURG County. Heard in
the Court of Appeals 14 March 1983.

Plaintiff brought this action against the City Council of
Charlotte, the Mayor of Charlotte, the Board of County Commis-
sioners of Mecklenburg County, the Charlotte Chamber of Com-
merce, and the individual members thereof, alleging they illegally
used a total of $7,809.44 of public funds to pay for a reception
honoring the North Carolina General Assembly and State Senate
President Pro Tem W. Craig Lawing. The uncontradicted facts
are as follows. The reception was held on 24 April 1979. The
following people, and their spouses, were invited: all the members
of the General Assembly, the Council of State, Senate officials,
County officials, Judges of the North Carolina Court of Appeals,
Justices of the North Carolina Supreme Court, Senate and House
Sergeants-at-Arms' staff, legislative staff members, the Lieu-

tenant Governor's staff, the Speaker's office staff, the House and Senate Principal Clerks' office staff, the General Assembly Librarian, and several special invitations for Lawing's friends and relatives. The cost of the reception was split evenly by the City, the County, and the Chamber of Commerce.

The total cost, $7,809.44, included rental of a hall in the Raleigh Civic Center, food and refreshments, entertainment, a chartered bus, miscellaneous expenses, and travel expenses.

According to defendants, the purpose of the reception was to promote legislative goals of the City of Charlotte and Mecklenburg County. These goals included increasing state aid for Medicaid sponsorship, state funding for the Mecklenburg Mental Health Inpatient program, increasing the daily wage for substitute teachers, increasing the interest rate on delinquent taxes, and increasing the state funding for foster care. Almost all the goals involved increasing state participation in existing social programs.

The City Council and Chamber of Commerce defendants filed Rule 12(b) (6) motions to dismiss for failure to state a claim for relief. Plaintiff and the County Commissioner defendants filed motions for summary judgment. The trial judge, considering all the materials filed in discovery and the arguments by counsel for all the parties, treated the Rule 12(b) (6) motions as motions for summary judgment and granted all the defendants' motions for summary judgment.

*Hugh Joseph Beard, Jr., for plaintiff appellant.*

*City Attorney Henry W. Underhill, Jr., for defendant appellee, Charlotte City Council.*

*Frank B. Aycock III, for defendant appellees, City Council members, Chafin, Short, Locke, Carroll, Danelly, Leeper, Frech, Trosch, Selden, Cox and Harris.*

*Ruff, Bond, Cobb, Wade and McNair, by James O. Cobb, for defendant appellees, County Commissioners Hair, Peacock, Ray and Thomas.*

*Helms, Mulliss and Johnston, by Robert B. Cordle, for defendant appellee, Charlotte Chamber of Commerce.*

VAUGHN, Chief Judge.

The sole question is whether the trial court erred in granting defendants' motions for summary judgment. Summary judgment shall be rendered if "the pleadings, depositions, answers to inter-rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). Since the facts are not at issue, the only question is whether defendants are entitled to a judgment as a matter of law.

[1] Plaintiff argues that the expenditure of public funds for the reception violates Article V, Sections 2(1) and 2(5) of the North Carolina Constitution. Section 2(1) provides: "Power of taxation. The power of taxation shall be excercised in a just and equitable manner, for public purposes only, and shall never be surrendered, suspended, or contracted away." Although this section refers only to the power of taxation, the power to appropriate money from the treasury is no greater than the power to levy the tax. *Mitchell v. North Carolina Industrial Development Financing Authority*, 273 N.C. 137, 159 S.E. 2d 745 (1968). Plaintiff contends that the expenditure for the reception was not for a public purpose and thus violated Article V, Section 2(1) of the North Carolina Constitution. "[F]or a use to be public its benefits must be in common and not for particular persons, interests, or estates; the ultimate net gain or advantage must be the public's as contradistinguished from that of an individual or private entity." *Martin v. North Carolina Housing Corp.*, 277 N.C. 29, 43, 175 S.E. 665, 673 (1970). The purpose of the reception was to influence the General Assembly to pass legislation which, as seen by defendants, was favorable to Charlotte and Mecklenburg County residents. We have found no North Carolina cases on this issue, however, a recent Georgia Supreme Court opinion addresses this point. In the Georgia case, *Peacock v. Georgia Municipal Association, Inc.*, 247 Ga. 740, 279 S.E. 2d 434 (1981), the plaintiffs alleged that defendant, whose members were 400 towns and cities in Georgia, was illegally using public funds in various lobbying activities to influence the state legislators. The Supreme Court of Georgia held that the activities carried out by defendant were necessary activities for the administration of local governments, and representing the views of the constituents to the legislators

on pending issues was one of the functions of officers of municipalities and counties. We agree with the Georgia Supreme Court. Local government officials have a duty to represent their constituents, and presenting local interests to the state legislators in hope of getting favorable bills passed in the General Assembly is obviously a public and not a private purpose. The alleged extravagance of the reception does not convert the public purpose to a private one. Plaintiff's remedy is to air his opinion at the ballot box.

Plaintiff argues that defendants' expenditures also violated Article V, Section 2(5) of the North Carolina Constitution. That section provides:

> Purposes of property tax. The General Assembly shall not authorize any county, city or town, special district, or other unit of local government to levy taxes on property, except for purposes authorized by general law uniformly applicable throughout the State, unless the tax is approved by a majority of the qualified voters of the unit who vote thereon.

Plaintiff contends this was violated because the expenditure was not a "purpose authorized by general law." Defendants contend, and we agree, that lobbying is authorized by general law, by implication, in G.S. 120-47.8(3), which exempts from the registration requirements imposed on lobbyists. "A duly elected or appointed official or employee of the State, the United States, a county, municipality, school district or other governmental agency, when appearing solely in connection with matters pertaining to his office and public duties." Since lobbying by city and county officials is permitted, Article V, Section 2(5) was not violated. Urging policies which benefit their constituents is one of the ways local officials promote their constituents' interests.

[2] Plaintiff's third argument is that defendants' expenditures violated his First Amendment rights through the Fourteenth Amendment of the Federal Constitution. He argues that the First Amendment protects a person's right against being compelled to speak, and these expenditures were made to promote ideological positions contrary to his viewpoint. Without addressing the question of whether plaintiff, as a taxpayer, has standing to raise this issue, it is clear that his argument is without merit because de-

fendants were not lobbying to promote an ideological position. They were promoting legislation, mainly consisting of requests for increased state funding for existing programs, to benefit their constituents who presumably are the majority of the voters in Charlotte and Mecklenburg County. Obviously, this is not in violation of plaintiff's First Amendment rights.

Since we agree with the trial court that there is no issue of fact, and defendants are entitled to judgment as a matter of law, there is no need to address the issue of defendants' immunity.

Affirmed.

Judges WEBB and EAGLES concur.