22326

Nelson BROWN and Fred Quattlebaum, Respondents, v. Mayor Thomas D. WINGARD, John McGee, Floyd Nicholson, David Hill, Perry Smith, William Fuller and Charlotte Dent, as Members of Greenwood City Council, Appellants.

(330 S. E. (2d) 301)

Supreme Court

*William K. Charles, III* of *Charles, Charles & Scurry,* Greenwood; and *Roy D. Bates,* Columbia, *for appellants.*

*Stephen J. Henry,* Greenville, *for respondents.*

Submitted April 24, 1985.

Decided May 17, 1985.

*Per Curiam:*

Respondents commenced this action under the Declaratory Judgment Act. [S. C. Code Ann. § 15-53-10, *et seq.* (1976).] They challenge Greenwood's payment of expenses for five of the appellants' spouses, claiming it violates S. C. Code Ann. § 5-7-170 (1976). The trial court overruled appellants' demurrer and granted respondents' motion for summary judgment. We affirm and adopt the lower court's order as modified.

Initially, appellants challenge respondents' standing to bring this action. We think respondents stated a sufficient cause of action under the Declaratory Judgment Act. All that is required is that the respondents demonstrate a justiciable controversy. *Dantzler v. Callison,* 227 S. C. 317, 88 S. E. (2d) 64 (1955); *Hardwick v. Liberty Mutual Ins. Co.,* 243 S. C. 162, 133 S. E. (2d) 71 (1963).

The case of *Lee v. Clark,* 224 S. C. 138, 77 S. E. (2d) 485 (1953) is closest to the facts of this case. In *Lee,* a taxpayer brought an action challenging the validity of a statute relating to school trustees. This Court stated the taxpayer had a valid interest in the trustees *as a taxpayer.* 224 S. C. at 143, 77 S. E. (2d) at 487.

As in *Lee*, respondents, as taxpayers, have an interest ■ in seeing that city officials disburse funds in a lawful manner. They have presented a justiciable controversy under the Act, and the demurrer was properly overruled.

The remaining question is the propriety of the city's payment of expenses at the 1982 National League of Cities Convention in Los Angeles, California. The dispositive issue is whether expenses incurred by appellants' spouses are authorized by Section 5-7-170.[1] The statute provides:

> The council may determine the annual salary of the mayor and councilmen by ordinance, but no ordinance changing such salary shall become effective until the date of commencement of the terms of councilmen elected at the next general election following the change. The mayor and councilmen may also receive payment for actual expenses incurred in the performance of their official duties within limitations prescribed by ordinance.

Appellants argue this statute has no application to the disputed expenditures. They contend the statute does not specifically limit payment of expenses for spouses. They further argue the expenditure for spouses is not limited by ordinance, and no specific grant of power to spend public funds for the expenses of anyone is necessary. We disagree.

The clear, common sense reading of the language of ■■ Section 5-7-170 reveals a limiting statute. Only actual expenses incurred by the Mayor and Council members themselves in the performance of their official duties are contemplated by the statute. The legislature did not extend the statute's application to spouses and other persons. We conclude, under Section 5-7-170, the expenses paid by the City of Greenwood for spouses of the Mayor and City Council members are not "actual expenses incurred in the performance of their official duties."

---

[1] South Carolina has no case law on the subject; however, an opinion of the Attorney General states the City of Spartanburg may not authorize such payments by ordinance. Att. Gen. Op. No. 77-249 (August 10, 1977).

Recent decisions in *North Carolina ex rel. Horne v. Chafin*, 62 N. C. App. 95, 302 S. E. (2d) 281 (1983), and *Peacock v. Georgia Municipal Association, Inc.*, 247 Ga. 740, 279 S. E. (2d) 434 (1981), upholding city expenditures for the entertainment of state legislators as a valid public purpose are clearly distinguishable. The fact that spouses were specifically included in the North Carolina activities and included by inference in some Georgia activities is not persuasive. We find no public purpose in this case because the factual circumstances are too remote.

We hold the city policy of paying expenses for the spouses of the Mayor and City Council members is not authorized under Section 5-7-170, nor does it constitute a valid public purpose. Respondents' motion for summary judgment was properly granted.

Affirmed and remanded.[2]

---

[2] This appeal is not from a final judgment. The trial judge's order did not determine what relief would be appropriate in this case. A further hearing will be required on this issue.