22389

Charles JACKSON and William P. Straughan, d/b/a Charles Jackson Exxon, Appellants, v. ATLANTIC SOFT DRINK COMPANY, INC., Respondent.

(336 S. E. (2d) 13)

Supreme Court

*S. Jahue Moore* of *Kirkland, Taylor, Wilson, Moore, Allen & Denee,* West Columbia, *for appellants.*

*Elaine H. Fowler* of *Turner, Padget, Graham & Laney,* Columbia, *for respondent.*

Heard Oct. 7, 1985.

Decided Oct. 23, 1985.

HARWELL, Justice:

Appellants'complaint alleged that the respondent engaged in unlawful price discrimination as prohibited by the South Carolina Unfair Trade Practices Act, S. C. Code Ann. §§ 39-5-10 to 39-5-560 (Law. Co-Op. 1976). The respondent demurred to the complaint. The lower court sustained the respondent's demurrer. We reverse and remand for trial.

Appellants own and operate a gas station in Spartanburg. They buy their Pepsi products from respondent, the wholesale bottler and distributor for Pepsi in the Spartanburg area. Appellants contend that the respondent sells Pepsi products to some of its other customers at a wholesale price substantially lower than the wholesale price which the appellants are charged. Respondent's pricing practice allegedly has put appellants at a competitive disadvantage by requiring them to charge higher prices than their competitors. Appellants claim that this has resulted in lost profits and decreased business. Since this case was disposed of by demurrer, the facts in the record were not fully developed for consideration by this Court.

The issue before the lower court was whether or not price discrimination violates South Carolina's Unfair Trade Practices Act. This is a question of first impression in South Carolina. Important questions of novel impression should not be decided on demurrer. *Dismukes v. Carletta*, 269 S. C. 110, 236 S. E. (2d) 421 (1977); *Vanden v. College Heights Subdivisions*, 261 S. C. 509, 201 S. E. (2d) 113 (1973). Before we are called upon to decide this novel question, the case should be fully developed and tried on its merits.

On remand, appellant is granted leave to amend his complaint in order to allege more clearly that the conduct complained of tended to substantially lessen competition or create a monopoly.

Reversed and remanded.

NESS, C.J., and GREGORY, CHANDLER and FINNEY, JJ., concur.