Mr. Charles L. Robinson, CPA Legislative Auditor State Capital, Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request for an opinion on several questions concerning the expenditure of school district "operating funds." You state that "operating funds" means any public funds coming into the school district from any source, but does not include student activity funds raised by, and belonging to, students. You have asked five specific questions which will be set out and answered below in the order in which they were posed.
Your first question is as follows:
 1. May a school district give, donate, or loan public funds to nonprofit corporations, for-profit corporations, associations, institutions, or individuals?
In response to this question, I have attached a copy of Op. Att'y. Gen. No. 85-213, wherein it is concluded that generally donations or contributions to such entities are prohibited. It is noted in that opinion that "no [school district taxes] shall be appropriated for any other purpose nor to any other district than that for which it is levied." Arkansas Constitution, art. 14, §3. Section 2 of the same article provides that "[n]o money or property belonging to the public school fund, or to this State for the benefit of schools or universities, shall ever be used for any other than the respective purposes to which it belongs." It is my opinion that these provisions operate as a general bar to a school district's donation or contribution of funds to corporations, (whether nonprofit or for profit), private associations and institutions, and individuals.[1]
Some exceptions, however, dependent upon certain facts, may be applicable. For example, school districts are given specific statutory authority to belong to and pay dues to a nonprofit association of school board officials. A.C.A. § 6-13-107. This action is not, however, akin to a donation or grant, but rather is a membership where monies are paid in return for services, materials, and information supplied. Additionally, based upon a separate constitutional provision, this office has recently opined that a school district, in all likelihood, may expend funds for the awarding of scholarships to graduating valedictorians and salutatorians. Op. Att'y. Gen. No. 91-315. This is at least one example, therefore, of an exception to the general rule against grants of school district funds to individuals.
Your second question is as follows:
 May a school district use operating funds to pay for birthday, Christmas, or other parties for employees, employees and family members, or school board members?
Although there appear to be no relevant Arkansas cases on point, it is my opinion that the two constitutional provisions cited above in response to your first question would preclude the expenditure of school district operating funds for these purposes. Such an expenditure would not appear to be for school purposes. Although the legislature has granted school districts broad authority and discretion in running the district's schools, and has given them the authority to do "all . . . things necessary and lawful for the conduct of . . . schools in the district" (see A.C.A. § 6-13-620(12) (Cum. Supp. 1991), it is my opinion that this grant of authority cannot run afoul of constitutional principles. Research reveals no helpful case law from other jurisdictions on the question, but in at least one other Attorney General Opinion, it was concluded that the expenditure of public funds for Christmas parties and other celebrations or entertainments would be unlawful because not for a "public purpose." See 78 Op. Idaho Att'y. Gen. 189. An additional constitutional restriction may attend the expenditure of public funds for a celebration of a religious holiday such as Christmas. See the First Amendment to the United States Constitution (establishment clause). I thus must conclude that birthday, Christmas and other celebrations should be conducted with the use of private funds.
Your third question is as follows:
 May school districts pay for the traveling expenses of school board members' or administrators' spouses or non-employee companions out of operating funds?
There appear to be no applicable provisions of law surrounding this question, other than the constitutional provisions relative to the use of school funds cited above. Cf. A.C.A. § 6-20-1302 (b)(1)(D) (as regards the reporting of expense reimbursements paid to administrative personnel for expenses incurred in the performance of job duties.)
Neither do there appear to be any apposite Arkansas cases on point, but it has been held by the Supreme Court of Virginia in Bristol Virginia School Board v. Quarles, 235 Va. 108,366 S.E.2d 82 (1988), that a school superintendent could not use school funds to pay for his wife's travel expenses to professional meetings, at least where the action was not authorized by statute or the school board. A similar conclusion was reached as to city officials in Brown v. Winegard, 285 S.C. 478, 330 S.E.2d 301
(1985), where the South Carolina Supreme Court held that only the actual expenses incurred by the mayor and council members themselves in the performance of their official duties was contemplated by the statute. The payment of spouses or non-employee companions' traveling expenses has also been held to violate constitutional principles. See, e.g., Utah Op. Att'y. Gen. No. 85-07 (travel expenses for such persons held not for a public purpose), and Louisiana Op. Att'y. Gen Nos. 83-329 and 80-154 (these expenses violated provision against loaning or donating public funds).
I must conclude, therefore, that the expenditure of school funds for spouse and non-employee traveling expenses would be subject to constitutional challenge. These expenditures would not appear to be for school purposes, and would not appear to the "necessary or lawful" for the efficient operation of the schools of a particular district. See A.C.A. § 6-13-620(12) (Cum. Supp. 1991).
Your fourth question is as follows:
 4. May a school district purchase from the operating funds flowers, gifts, or cards for the following purposes:
 A. Official school functions (such as graduation); or
 B. Office decorations?
It is my opinion, although again, there are no Arkansas cases addressing similar questions, that the expenditure of funds for flowers for official school functions or office decorations would come closer to being deemed for proper school purposes than the other expenditures mentioned above. It appears that such purchases would at least be for the benefit of the school as a whole, and would not inure to the benefit of any private individual. I must note, however, that the expenditure of school monies for "gifts and cards" for official functions, to the extent they inure to the benefit of private individuals, may be subject to challenge. Thus, for example, graduation gifts and cards for students, paid for with public funds may be constitutionally suspect. There may be exceptions based upon certain facts. We cannot, in an abstract fashion, contemplate every such gift or card and the attendant occasion for each. It is my opinion, however, that the expenditure of school funds for office decorations would not as a general matter be unlawful, depending upon the nature of the expenditure.
Your fifth question is as follows:
 5. May a school district purchase from the operating funds flowers, gifts, or cards for the following individuals:
 A. Employees of the school district, including teachers, administrators, teacher aids, bus drivers, lunch room workers, or other individuals, employed by the district:
 B. Family members of school district employees;
 C. School board members;
 D. Family members of school board members;
 E. Students;
 F. Students' family members;
 G. Public officials, such as the chief of police, mayor or county judge;
 H. Citizens or other individuals with no direct relationship to the school; and
 I. Guests of the school for official school functions, where the purchase was made for one of the following purposes:
 A. Sickness;
 B. Death;
 C. Birthdays;
 D. Christmas presents; or
 E. Just to boost morale?
It is my opinion that the purchase of flowers, gifts, or cards for most all of the reasons listed above, would in all likelihood be constitutionally suspect under Art. 14, §§ 2 and 3 of the Arkansas Constitution, as not being for school purposes. To the extent these expenditures inure to the benefit of private individuals, in my opinion, they are impermissible. These expenditures should generally be made with privately collected funds. Although judicial precedent in similar cases is sparse, it was stated by the Texas Attorney General as regards the purchase of flowers with public funds as follows:
 In answer to your first question, we do not believe the use of public funds to purchase flowers as expressions of condolence could normally be considered a use for public purposes.
Op. Att'y. Gen. No. JM-391 (1985), at 2.
The Attorney General of Mississippi reached a similar conclusion in Op. Att'y. Gen. issued May 10, 1984, for a different reason. The Mississippi AG concluded that a public hospital's practice of purchasing and sending flowers, with public funds, to the employees, staff, and members of the board of trustees when they are sick and in the hospital and when they have deaths in their families was impermissible in light of a constitutional provision which stated that no "extra compensation, fee, or allowance, to any public officer, agent, servant, or contractor" shall be granted by the legislature after the service was rendered or the contract was made. Cf. Arkansas Constitution, art. 5, § 27. But see Mississippi Op. Att'y. Gen. issued on August 30, 1989.
As to the sending of cards, the Texas Attorney General has opined that the purchase and sending of Christmas cards with public funds of a county was prohibited. See Op. Att'y. Gen. No. MW-36 (1979).
Additionally, the Mississippi Supreme Court has held, as to the use of public funds for the purchase of Christmas presents for hospital employees, that such purchases are unlawful as donations of public funds to private individuals. Golding v. Salter,107 So.2d 348, 356 (Miss. 1958).
Of course, I cannot hypothesize all possible instances in which expenditures of public funds for these purposes might arise. There may be some instances where what may be technically referred to as "gifts" are not constitutionally impermissible. It is conceivable, in my opinion, that such gifts as plaques or "certificates of appreciation" for employees or other persons rendering aid and services to the schools would not be constitutionally impermissible, even if accepted by individuals. These issues will best resolve themselves by reference to each on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A question may arise as to whether Arkansas Constitution, art. 12, § 5 is applicable to school districts. This provision prevents counties, cities, towns, and other "municipal corporations" from becoming stockholders in, or obtaining or appropriating money for, any corporation, association, institution, or individual. Although it may appear that the Arkansas Supreme Court in Clifton v. School District No. 14 of Russellville, 192 Ark. 140 (1936) assumed that this provision was applicable to school districts, it is my opinion that it generally is not. See Schmutz v. School District of Little Rock,78 Ark. 118 (1906).