Mr. Charles L. Robinson, CPA Legislative Auditor State Capitol, Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request for an opinion on several questions concerning allowable expenditures of county and city funds. You have asked, in two separate opinion requests, identical questions as regards cities and counties. These requests and the questions contained therein, have been consolidated for answer in this opinion.
Your five questions are as follows:
 1. May a county or municipality use public funds to pay for birthday, Christmas, or other parties for employees, employees and family members, or members of the quorum court or city or town council?
 2. May a county or municipality pay for the traveling expenses of county or municipal officials' spouses or non-employee companions?
 3. May a county or municipality use public funds to purchase or to reimburse employees for the purchase of alcoholic beverages?
 4. May a county or municipality purchase flowers, gifts, or cards for the following purposes:
 A. Official county or municipal functions; or
 B. Office decorations?
 5. May a county or municipality purchase flowers, gifts, or cards for the following individuals:
 A. County or municipal officials or employees;
 B. Family members of county or municipal officials or employees;
 C. Quorum Court members or city or town council members;
 D. Family of quorum court or council members;
 E. Officials of other political subdivisions or the state;
 F. Citizens or other individuals with no direct relationship to the county or municipality; and
 G. Guests of the county or municipality, where the purchase was made for one of the following reasons:
 A. Sickness;
 B. Death;
 C. Birthdays;
 D. Christmas presents; or
 E. Just to boost morale?
Most of these questions were addressed as to the expenditure of school district funds in Opinion No. 91-411, also issued to you (copy enclosed). The conclusions generally reached in that opinion will apply with equal force to your questions regarding city and county funds, but are in part based upon different statutes and constitutional provisions. Those conclusions will thus not be set out in detail herein, but will be referred to in a summary fashion, noting the relevant provisions applicable to cities and counties.
As an initial matter, it should be noted that three provisions of the Arkansas Constitution may be relevant to your question. Article 12, § 5 of the constitution prevents counties and municipal corporations from donating or appropriating money to private corporations, associations, institutions, or individuals. Additionally, extra compensation to officers, agents, and employees is prohibited by Article 5, § 27. See also art. 16, § 4. Finally, the Arkansas Constitution prohibits any "illegal exactions." Arkansas Constitution, art. 16, § 13. In addition, the broad "public purpose" doctrine of constitutional law is applicable.
Several statutes are also applicable to your question. The county judge is charged with the responsibility of approving vouchers for payment of county funds. Prior to this approval he must determine that the expenditure is in compliance with the purpose for which the funds were appropriated. A.C.A. §14-14-1102(b)(2)(B). Reimbursement of non-discretionary expenses of county and township elected officials and employees is authorized at A.C.A. § 14-14-1207, for allowable expenses incurred in the conduct of county affairs. Allowable expenses incurred in the exercise of "discretionary" functions may be permitted where appropriated by the quorum court. See also A.C.A. § 14-14-1202 (as to ethics requirements for county officials.) Although counties were given broad authority over their government by virtue of Amendment 55, expenditures, even if for allowable appropriated "discretionary" functions, may not run afoul of other constitutional principles.
As regards city expenditures, at least in cities of the first class, A.C.A. § 14-58-303, which gives the mayor the authority to make purchases of all supplies, apparatus, equipment, materials and other things, requires that these things be for a "public purpose" and be necessary to carry out any work or undertaking of a "public nature." Again, although cities have been granted extensive authority over their "municipal affairs" by virtue of the "Home Rule Act" (A.C.A. § 14-43-601—610), their exercise of this authority cannot be contrary to state law or constitutional principles.
In response to your first question, therefore, it is my opinion that a county or city expenditure for birthday, Christmas, or other parties for officials, employees, and family members, would generally run afoul of the constitutional principles cited above, specifically, art. 12, § 5 of the Arkansas Constitution. See also, 78 Op. Idaho Att'y. Gen. 189. As stated in Opinion No.91-411, an additional constitutional prohibition may attend the expenditure of public funds for celebrations of religious holidays such as Christmas. In my opinion, therefore, such parties should be paid for with private funds.
In response to your second question, it is my opinion that the expenditure of county or city funds for spouse or non-employee traveling expenses is not contemplated by statute, and may run afoul of constitutional provisions, specifically, appropriating city or county funds to the private benefit of individuals contrary to art. 12, § 5. Even if such an expense could be considered a "discretionary function" for which the quorum court had appropriated funds, the expenditure, in my opinion, might still be challenged under art. 12, § 5. Additionally, such an expenditure by a city, in the absence of a legislative declaration of "public purpose," would not appear to be for a public purpose as contemplated in A.C.A. § 14-58-303. See also Brown v. Winegard, 285 S.C. 478, 330 S.E.2d 301 (1985); Utah Op. Att'y Gen. No. 85-07; and Louisiana Op. Att'y. Gen. Nos. 83-329 and 80-154.
In response to your third question, research reveals no controlling or even helpful cases on the question of the use of city or municipal funds for the purchase of alcoholic beverages. Cf. Russ v. Commonwealth, 210 Pa. 544, 60 A. 169 (1905). As noted above, county officials may be reimbursed for "discretionary functions" as long as there is an appropriation by the quorum court, and expenditures of cities of the first class must generally be for a public purpose. See A.C.A. § 14-14-1207 and §14-58-303. The determination of this issue will, in my opinion, ultimately involve an analysis of whether the use of public funds for this purpose violates the broad, but often difficult to define "public purpose" doctrine, which generally requires that the expenditure of public funds be for a "public purpose." See generally Chandler v. Board of Trustees of the Teacher Retirement System of the State of Arkansas, 236 Ark. 256, 365 S.W.2d 497
(1963), and Cf. specifically South Carolina Op. Att'y. Gen. issued April 24, 1987. It has been stated as regards this doctrine that "[n]o expenditure can be allowed legally except in a clear case where it appears that the welfare of the community and its inhabitants is involved and direct benefit results to the public." McQuillin, Municipal Corporations, § 12, 190. The determination of whether a particular expenditure is for a "public purpose" is to be made by the legislature. Although ultimately the propriety of a particular expenditure is resolved by the judiciary, great weight must be given legislative declarations of public purposes. Turner v. Woodruff, 286 Ark. 66,698 S.W.2d 527 (1985). In this instance, however, we are aware of no legislative declaration of "public purpose" as to such expenditures by political subdivisions. It is unclear, therefore, in my opinion, whether in all instances the expenditure of public funds for alcoholic beverages would be either allowable or prohibited under this doctrine, or under other specific provisions of the constitution, such as art. 12, § 5. Additionally, reference to individual facts surrounding the expenditure may alter the analysis. As the issue is unclear under state law, and no judicial determinations regarding it exist, the issue appears to be an ideal one for legislative action.
Regarding your fourth question, it is my opinion, consistent with what has been stated in Opinion No. 91-411, that the expenditure of public funds for flowers for official school functions such as graduation, or for office decorations, would more nearly accomplish a "public purpose" than expenditures which inure primarily to the benefit of private individuals. I should note, however, that expenditures for "gifts and cards," to the extent that the inure primarily to the benefit of private individuals, may be subject to challenge under art. 12, § 5. The individual facts may vary the result. It is conceivable, in this regard, that such gifts as certificates of appreciation or plaques, etc., may fall outside the prohibition.
In response to your fifth question concerning flowers, cards and gifts for employees and other persons, it is my opinion, similarly, that most of these expenditures would run afoul of art. 12, § 5's prohibition against appropriating funds to individuals. These purchases should thus generally be made with private funds. See generally Golder v. Salter, 107 So.2d 348
(Miss. 1958) (as to Christmas gifts for employees); Texas Op. Att'y. Gen. No. JM-391 (1985) (regarding flowers for sickness or death); Mississippi Op. Att'y. Gen. issued May 10, 1984 (regarding flowers for sickness or death); and Texas Op. Att'y. Gen. No. MW-36 (1979) (regarding the sending of Christmas cards).
Again, individual facts and circumstances may vary the analysis and result. These issues are thus best resolved on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh